IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Akil Dorsey,<br>    Petitioner, | )<br>)<br>) |
| v. | )     1:15cv1054 (JCC/TCB) |
| | )<br>) |
| Harold Clarke,<br>    Respondent. | )<br>) |

## MEMORANDUM OPINION

Akil Dorsey, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of robbery and firearms offenses in the Circuit Court of the City of Alexandria. On October 27, 2015, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief. Dorsey was provided the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7K, and he filed a reply on December 4, 2015. Accordingly, the matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss will be granted, and the petition will be dismissed, with prejudice.

### I. Background

On December 5, 2013, Dorsey entered a negotiated plea of guilty to two counts of robbery and two counts of use of a firearm in the commission of robbery (second or subsequent offense). Case Nos. CF13000309 and CF13000310. On March 7, 2014, Dorsey received a sentence of 20 years in prison for each robbery conviction and 3 and 5 years for the firearms

offenses. The court suspended both robbery sentences, leaving Dorsey with a total active sentence of eight (8) years incarceration. Dorsey took no direct appeal.

On December 8, 2014, Dorsey filed a petition for a state writ of habeas corpus in the trial court, raising the following claims:

1. Counsel was ineffective for failing to request the trial court to run the firearm sentences concurrently.

2. The trial court erred by failing to consider running the sentences for the firearms convictions concurrently rather than consecutively.

The circuit court dismissed the petition on March 20, 2015. Specifically, the court held that claim 1 was "dismissed for failure to establish a claim of ineffective assistance of counsel under either prong of Strickland v. Washington [466 U.S. 668 (1984)]," and claim 2 was "dismissed under the rule of Slayton v. Parrigan [205 S.E.2d 680 (1974)]." Case No. CL14004744, Final Order at 6-7. Dorsey did not receive the Final Order until May 26, 2015. Dorsey noticed an appeal of the decision in the Supreme Court of Virginia on June 8, 2015, and on July 13, 2015, the Court denied Dorsey's motion for an extension of time to file a petition for appeal. Thereafter, Dorsey filed no petition for appeal, and the appeal was administratively terminated without adjudication on August 14, 2015.

Dorsey then turned to the federal forum and timely filed the instant application for relief pursuant to 28 U.S.C. §2254 on August 16, 2015.[1] In it, he raises the following claims:

1. The Virginia Supreme Court's refusal to accept his

---

[1] For federal purposes, a pleading submitted by an incarcerated pro se litigant is deemed filed when it is delivered to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). In this case, petitioner states that he placed his petition in the prison mailing system on August 16, 2015. Pet. at 22.

>   notice of appeal as timely constituted a violation of the Fifth and Fourteenth Amendments to the United States Constitution.
>
> 2.  Defense counsel was ineffective for failing to request the trial court to run the sentences for the firearms convictions concurrently.
>
> 3.  The trial court erred in failing to consider running the sentences for the firearms convictions concurrently as opposed to consecutively.

As noted above, respondent has filed a Rule 5 Answer and a Motion to Dismiss the petition, along with the notice required by Roseboro, 528 F.2d at 309, and petitioner has filed a reply. Accordingly, this matter is now ripe for review.

## II. Exhaustion and Procedural Default

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See Duncan v. Henry, 513 U.S. 364 (1995).

However, "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, "the

3

procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162). Here, all three of petitioner's federal claims remain unexhausted but are now incapable of exhaustion. Therefore, they are simultaneously exhausted and defaulted for purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

Pursuant to these principles, all three of the claims Dorsey asserts in this federal petition are procedurally defaulted. The first claim - that the Supreme Court of Virginia violated Dorsey's constitutional rights by refusing to accept his notice of appeal as timely filed - has never been presented to any Virginia court and so is deemed simultaneously exhausted and procedurally defaulted. Gray, 518 U.S. at 161. The remaining two claims likewise are barred from federal review because Dorsey failed to perfect an appeal of their denial by the habeas trial court before the Supreme Court of Virginia. Whitley v. Bair, 802 F.2d 1487, 1500 (4th Cir. 1986) ("failure to appeal claims disposed of by state habeas trial court constitutes a procedural bar to further federal review of such claims."). And claim 2 is doubly defaulted because it was dismissed by the circuit court pursuant to Slayton v. Parrigan, where the Supreme Court of Virginia held that a claim that could have been raised on direct appeal cannot be presented in a habeas corpus petition. The Fourth Circuit Court of Appeals has consistently held that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997).

Federal courts may not review barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective

assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). A petitioner must present a substantial reason to excuse a procedural default. Amadeo v. Zant, 486 U.S. 214, 223 (1988). To establish prejudice, the petitioner "must demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir.), cert. denied, 522 U.S. 1010 (1997) (citations omitted).

Here, Dorsey contends that the default of claims 2 and 3 was caused by the fact that he did not receive a copy of the circuit court's March 20, 2015 order dismissing his habeas petition until May 26, 2015. In his first claim, he asserts that the Supreme Court of Virginia violated his right to due process when it failed to accept his notice of appeal of the circuit court's Final Order of dismissal as timely. Both of these positions are meritless. As to Dorsey's late receipt of the circuit court's order, the record establishes that Dorsey was notified by receipt of a letter dated March 2, 2015 that a proposed final order disposing of the habeas petition would be tendered in 14 days, and a copy of the proposed final order was enclosed. On March 16, a second letter informed Dorsey that the proposed Final Order had been submitted to the court. R. 17, 20. Dorsey acknowledges here that a failure to receive notice of a final order must be corrected within sixty (60) days under Virginia law, Pet. Ex. A at 2, yet he waited until May 17, 2015 - over 60 days from the date he was notified that a final order had been tendered - before he made any inquiry. Thus, Dorsey in fact had ample time and ability to ameliorate his late receipt of the circuit court's Final Order, and his own lack of diligence in doing so was the proximate cause of the tardiness of the ensuing appeal.

Moreover, Dorsey's contention that his claims were not adjudicated by the Supreme Court of Virginia because it declined to accept his notice of appeal is factually incorrect. What the Supreme Court denied was Dorsey's motion for an extension of time to file his petition for appeal, not his notice of appeal, and when the appeal was administratively closed the reason the Court cited was the fact no petition for appeal had been filed. Pet., Ex. 1. Thus, the dismissal of the appeal occurred because Dorsey himself failed to file a petition for appeal in a timely manner. Under these circumstances, Dorsey has failed to show cause for the procedural default of his present claims.

Dorsey also attempts to establish cause for the default of claim 3 that occurred when it was raised for the first time in the state habeas corpus proceeding by arguing that it arose from his counsel's ineffective representation. However, since no such claim of ineffective assistance has been independently exhausted, it may not furnish cause to excuse the default. See Edwards v. Carpenter, 529 U.S. 446, 451-53 (2000); Swisher v. True, 325 F.3d 225, 231 (4th Cir. 2003).

Lastly, even if Dorsey had been able to establish cause for the default of his claims, the record makes it clear that he suffered no prejudice when the claims were not heard. Dorsey alleges in his second claim that he received ineffective assistance of counsel because his attorney failed to request to have the sentences for the firearms convictions run concurrently, but the record establishes that counsel in fact made just such a request.[2] Morever, it has been recognized that as a matter of law, an attorney does not render ineffective assistance for failing to move for sentences to be imposed concurrently where such a decision lies within the courts's discretion.

---

[2] No transcripts have been made part of the federal record. However, in the Final Order denying Dorsey's state habeas corpus application, the trial court found that "Dorsey's attorney did ask this Court to run the two firearm convictions concurrent with one another. (3/6/14 Tr. at 62)." Final Order at 5. Such a finding of fact made by a state court is presumed to be correct on federal habeas corpus review. 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 546-47 (1981).

See Prewitt v. United States, 83 F.3d 812, 818-19 (7th Cir. 1996) ("This discretion to sentence Prewitt means that only the possibility existed he would receive a concurrent sentence ... A mere possibility of prejudice does not qualify as actual prejudice."). In Virginia, a sentencing court has such discretion whether to order multiple prison sentences to run concurrently. Va. Code § 19.2-308.

Dorsey's third claim, where he argues that the trial court erred in failing to consider running the sentences for the firearms convictions concurrently, is similarly frivolous. The fact that counsel did move the court to impose the firearms sentences concurrently, see n. 2, supra, means that the court did consider doing so. Since Dorsey initially faced two life sentences on the robbery convictions for which the court eventually suspended the 20-year sentences it imposed, it is not surprising that it elected not to further reduce the eight-year active sentence which remained for Dorsey to serve. As petitioner neither suggests nor offers evidence sufficient to establish that he is actually innocent of the offenses for which he was convicted, see Schlup v. Delo, 513 U.S. 298, 327 (1995); Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999), the claims of this petition are procedurally barred from federal consideration on the merits.

## IV. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition will be granted, and the petition will be dismissed with prejudice. An appropriate Order and judgment shall issue.

Entered this _____ day of _____ 2016.

/s/
James C. Cacheris
United States District Judge